UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHIEFTAIN STEEL, LLC | ) | CASE NO. 16-10407(1)(11) |
| FLOYD INDUSTRIES, LLC | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| MARK R. LITTLE | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | A.P. NO. 18-1042 |
| | ) | |
| DELAWARE STEEL COMPANY OF | ) | |
| PENNSYLVANIA | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Vacate Default Judgment filed by Defendant Delaware Steel Company of Pennsylvania ("Delaware"). The Court considered Delaware's Motion, the Response to the Motion filed by Plaintiff Mark Little, the Liquidating Trustee ("Little") and Supporting Legal Memoranda filed by each party. For the following reasons, the Court will **GRANT** Delaware's Motion and enter the accompanying Order vacating the Default Judgment entered on February 14, 2019.

## PROCEDURAL BACKGROUND

On September 29, 2018, Little filed his Complaint against Delaware.

On October 1, 2018, Little received a Summons and Scheduling Order. The Summons was returned unexecuted on Delaware.

On October 29, 2018, Little, after obtaining an Alias Summons, served the Summons and Complaint on Delaware by certified, first class mail.

The Complaint asserts claims against Delaware seeking: (1) to avoid transfers pursuant to 11 U.S.C. §§ 547, 548 and 549 and KRS 378.020; (2) to disallow claims pursuant to 11 U.S.C. § 502; and (3) to recover property transferred pursuant to 11 U.S.C. §550. Specifically, the Complaint alleges Delaware received certain pre-petition preference payments totaling $76,830.49 and post-petition avoidable transfers totaling $86,322.16.

Delaware was required to answer or otherwise respond to the Complaint on or before November 21, 2018. Delaware requested until December 7, 2018 to respond to the Complaint, to which Little agreed. Before an Agreed Order could be filed, a Motion for Extension of Time to File the Answer was filed and granted by the Court extending the deadline to answer or otherwise respond to the Complaint to December 17, 2018.

Between November 2018 through January 30, 2019, Little and Delaware's President, Lisa Goldenberg, exchanged information and discussed settling the case.

On January 30, 2019, Delaware responded to a prior letter of the Trustee in which Delaware outlined in detail its defenses to the Complaint and proposed a counter settlement offer.

On February 12, 2019, the Trustee filed a Motion to Dismiss Counts 41 and 42 of the Complaint. Shortly thereafter on the same date, the Trustee filed his Motion for Default Judgment against Delaware.

On February 14, 2019, the Court entered an Order granting the Trustee's Motion for Default Judgment. Later on February 14, 2019, Delaware filed its Answer to the Trustee's Complaint.

On February 19, 2019, Delaware filed the Motion to Vacate Default Judgment pending before the Court.

## **LEGAL ANALYSIS**

Delaware contends it was engaged in good faith settlement negotiations through its President, Lisa Goldenberg, with the Trustee when the Trustee essentially "ambushed" Delaware by filing a Motion for Default Judgment, without making a demand on Delaware to file an Answer to the Complaint. The Court notes that in Ms. Goldenberg's Affidavit filed in Support of the Motion to Vacate the Default Judgment, she initially contacted the Trustee shortly after being served with the Complaint in an effort to resolve the lawsuit without the need for retaining an attorney.

The Court notes also that Ms. Goldenberg is the President of Delaware and chaired the Creditors Committee of Chieftain Steel. Ms. Goldenberg is not an unsophisticated business person and the Court has no reason to believe, given that she chaired the Creditors Committee and that she requested an extension of time to respond to the Complaint, that she did not grasp the significance of being served with the lawsuit. Although that time expired, it is clear that both parties were negotiating and discussing settlement of this matter in good faith. It was only after Delaware submitted a counterproposal to the Trustee that the Trustee decided to break off those negotiations without notice to Delaware and filed his Motion for Default Judgment.

Delaware contends the default judgment should be set aside pursuant to Fed. R. Bankr. P. 9024 and Rule 60 of the Federal Rules of Civil Procedure.[1] Public policy favors the finality of judgments and is reflected in the specific requirements of Rule 60(b) that apply once an actual default judgment has been entered. The competing policy considerations that value the disposition of cases on the merits dictates that the court "should . . . construe all ambiguous or disputed facts in the light most favorable to the defendant." *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987).

Under Rule 55(c) of the Federal Rules of Civil Procedure, for good cause shown, the court may set aside an entry of default, and if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). Three factors are considered in determining whether there is "good cause" to set aside a default: (1) whether culpable conduct of the defendant led to the default; (2) whether defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced. *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). When a default has ripened into a default judgment, the court frames the culpability factor in terms of "mistake, inadvertence, surprise or excusable neglect . . .." Courts apply the rule "equitably and liberally to achieve substantial justice." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003).

Here, Delaware contends that its basis for vacating the default under Rule 60(b)(1) is excusable neglect. If successful on this element, then the Court must analyze and determine whether the Defendant has a meritorious defense and whether the Plaintiff will be prejudiced if the default judgment is vacated. *Waifersong*, 976 F.2d at 292.

---

[1] There is no Federal Rule of Bankruptcy Procedure 60. However, with certain exceptions, not present here, Fed. R. Civ. P. 60 is made applicable in bankruptcy cases through Bankruptcy Rule 9024 and is therefore applicable in adversary proceedings.

The determination as to "excusable neglect" is an equitable one, taking into account all relevant circumstances surrounding the parties' omission. *Pioneer Inv. Serus, Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Under *Pioneer* "neglect" is "to give little attention or respect" to a matter. *Id.* at 388. "Excusable neglect" encompasses situations in which the failure to comply with the filing deadline is attributable to negligence. *Id.* at 394. Clearly, Delaware's failure to timely respond to the Complaint was a neglectful act rather than an intentional act. Whether a parties' neglect of a deadline is excusable takes into account all relevant circumstances, including consideration of the danger of prejudice to the Trustee, the length of the delay and its potential impact on judicial proceedings. Additional considerations are the reason for the delay, whether it is within the reasonable control of the movant and whether the movant acted in good faith. *Id.* at 395.

Under the circumstances presented, the Court finds Delaware's actions in not timely responding to the Complaint excusable neglect. Both parties were negotiating in good faith and actively negotiating toward a resolution of the case. While Delaware had demonstrated its knowledge of the importance of the deadline to file an answer by seeking an initial extension of that deadline, the Court finds it reasonable that it was led to believe that the Trustee would not move for a default judgment until there was some indication that the settlement discussions had ended. The Trustee did not respond to Delaware's counterproposal, but instead filed the Motion for the Default Judgment. All of this was done in less than two months after the deadline in which Delaware was to respond to the Complaint. While the Trustee was under no legal obligation to notify Delaware that it needed to file an Answer, the Court understands why Delaware, given the status of the negotiations, would be led to believe that it would have received some sort of signal from the

Trustee that he was no longer interested in negotiating.  Delaware's actions were not motivated by an intent to thwart judicial proceedings or reckless disregard for the effect of the parties' conduct on those proceedings.  *Williams*, 346 F.3d at 613 (6th Cir. 2003).  Given the length of time involved and the ongoing settlement discussions between the parties, the Court finds Delaware's failure to timely respond to the Complaint constitutes excusable neglect.

The next inquiry is: (1) whether the defendant has a meritorious defense; and (2) whether the plaintiff would be prejudiced by vacating the default judgment.  *Waifersong*, 976 F.2d at 292.  Both of these factors weigh in favor of Delaware and setting aside the default judgment.

A defense is "meritorious" if there is some possibility that the outcome of the lawsuit, after a full trial, would be contrary to the result achieved by the default.  *Williams*, 346 F.2d at 614.  If a defense is "good at law," regardless of the likelihood of success, it would be considered meritorious.  *Id.*

Here, Delaware claims it provided new value to Chieftain in the form of goods and/or services after receiving payment from certain pre-petition transfers.  This "new value" defense, if successful, would reduce any exposure on the preference claims on pre-petition transfers.

Delaware also asserts "ordinary course of business" as a complete defense to its exposure on the pre-petition transfer claims of the Trustee.  This defense would eliminate Delaware's entire liability on the pre-petition transfer of claims, if successfully proven at trial.

Finally, Delaware claims that the Trustee's claims are barred by the statute of limitations under 11 U.S.C. § 546(a)(1)(A).  If proven, the Trustee's Complaint is untimely and the action would be subject to dismissal.  For all of these reasons, Delaware has meritorious defenses to the Trustee's Complaint.

The last element is whether there is evidence in the record that the Trustee would be prejudiced if the judgment is vacated. *Waifersong*, 976 F.2d at 292. Delay alone is insufficient in establishing prejudice. Instead, the Trustee would have to show the delay resulted in a loss of evidence or discovery difficulties. *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006). Given the nature of this case, the delay of less than two months, vacating the default judgment will not prejudice the Trustee. This case is primarily a case that relies heavily on documentation in the parties' possession. There has been no showing whatsoever that the Trustee would be prejudiced by the Court vacating the default judgment.

## CONCLUSION

For all of the above reasons, the Court will **GRANT** the Motion of Delaware to Vacate the Default Judgment. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 24, 2019

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHIEFTAIN STEEL, LLC | ) | CASE NO. 16-10407(1)(11) |
| FLOYD INDUSTRIES, LLC | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| MARK R. LITTLE | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | A.P. NO. 18-1042 |
| | ) | |
| DELAWARE STEEL COMPANY OF | ) | |
| PENNSYLVANIA | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Delaware Steel Company of Pennsylvania to Vacate the Default Judgment entered in favor of the Liquidating Trustee, Mark Little, against Delaware Steel Company of Pennsylvania, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Order and Judgment entered against Delaware Steel of Pennsylvania dated February 14, 2019, be and hereby is, vacated.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Answer filed by Delaware Steel on February 14, 2019, is deemed filed as of that date.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 24, 2019